Bessie Lee GORDON, Plaintiff,

v.

Margaret M. HECKLER, Secretary of U.S. Department of Health and Human Services, Defendant.

No. 83 Civ. 3507.

United States District Court, E.D. New York.

May 18, 1984.

Victor Fusco, Scheine, Fusco & Branden-stein, New York City, for plaintiff.

Asst. U.S. Atty. Kevin Simmons, Eastern District of New York, Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

Defendant has moved, pursuant to 42 U.S.C. § 405(g), for an order remanding this action to the Secretary for further administrative proceedings. The motion was prompted by the fact that the tape of plaintiff's administrative hearing is inaudible and thus cannot be transcribed. In response, plaintiff has moved that this case be remanded under the following conditions:

(1) That a new Administrative Law Judge be assigned the case upon remand;

(2) That the Secretary pay the fees for plaintiff's expert medical witnesses; and

(3) That the Secretary pay counsel fees for the additional time counsel will be obliged to spend because of the remand.

*Discussion*

42 U.S.C. § 405(g) provides, inter alia, that "[t]he court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary." The statutory history clearly indicates that Congress contemplated the loss of a tape recording of a claimant's hearing, or its inaudibility, as "good cause" for remand. *See* H.R.Rep. No. 96–944, 96th Cong., 2nd Sess. 59 (1980), U.S.Code Cong. & Admin.News 1980, p. 1277. Accordingly, this Court agrees that the present case should be remanded.

As to plaintiff's request that conditions be attached to the remand, this Court notes at the outset that it has jurisdiction to entertain a motion for these forms of equitable relief. Section 405(g) provides that "[a]ny individual, after final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commencing within sixty days after the mailing to him of notice of such decision ...." Since there has been a final decision by the Secretary, the jurisdictional requirement of § 405(g) has been met.

Even if I were to assume that the absence of a transcribable hearing renders the Secretary's decision non-final, jurisdiction would still lie, based on principles enunciated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975). In *Mathews*, the Supreme Court held that once a claimant has presented an application for benefits to the Agency, complete exhaustion is not required if the claimant demonstrates a need for prompt resolution of the dispute and if the issues are collateral to the claim for benefits. *Id.* at 330–32, 96 S.Ct. at 900–01. *Mathews* has been cited as authority for the assertion of juris-

diction in other contexts where equitable relief was accorded upon a finding that the action or inaction of the Secretary had resulted in undue delays in processing social security claims. *See, e.g., Day v. Schweiker,* 685 F.2d 19 (2d Cir.1982), *cert. granted,* — U.S. ——, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983) (awarding interim benefits). It is similarly applicable here since the relief plaintiff seeks does not pertain to the legitimacy of plaintiff's claim and there is an important interest in having plaintiff's request resolved promptly. *See Moser v. HHS,* 83 Civ. 4096, slip op. at 4 (D.S.D. March 1, 1984) (quoting *Williams v. Schweiker,* 541 F.Supp. 1360, 1364 n. 1 (E.D.Mo.1982)).[1]

■ Turning to the merits of plaintiff's request, I find little difficulty in ordering that plaintiff be awarded the cost of having her expert medical witnesses appear at the new hearing. Defendant maintains that the award should be limited to the amount at which the Government compensates its own expert medical witnesses.[2] Any additional award, according to the defendant, would constitute a payment of a tort claim in violation of the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The order plaintiff seeks is authorized not by tort principles, however, but rather by the court's "inherent powers to fashion a remedy." *Day v. Schweiker, supra,* 685 F.2d at 24. Applying equitable considerations, it is clear that since plaintiff has been denied a right to a timely appeal from the Secretary's determination, through no fault of her own, but rather through the carelessness of the Secretary, she should be entitled to create a new record for appeal at no additional expense. Therefore, the appropriate award is

not the rate at which the Secretary's medical experts are paid, but rather the reasonable cost of reproducing plaintiff's expert witnesses. Other district courts have similarly awarded the costs of medical experts' fees where the Secretary has requested a remand to reconstruct the record. *See Smith v. Heckler,* 83 Civ. 4223 (S.D.N.Y. Feb. 15, 1984); *Dent v. Heckler,* 83 Civ. 1195 (S.D.N.Y.); *Russo v. HHS,* 83 Civ. 4026 (E.D.N.Y. Apr. 27, 1984) (transcript of oral argument and order).

■ Plaintiff's request that she receive compensation for the additional services required of her attorneys raises more difficult issues since legal services performed at administrative proceedings are excluded from coverage under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). As pointed out above, however, the concern here is with the appropriate scope of equitable relief to the plaintiff under the particular circumstances presented, rather than with compensating attorneys who prevail against the Secretary. "Equity requires that the Secretary bear expenses resulting from her own carelessness." *Smith v. HHS, supra,* slip op. at 2 (awarding attorneys' fees under similar circumstances). *But see Russo, supra* (denying a request for attorneys' fees). Moreover, an award of attorneys fees here would, if anything, be consistent with the overall purposes of the EAJA to provide sufficient incentive to enable plaintiffs to pursue benefits they legally deserve. *See Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1438 (E.D.N.Y.1983). The EAJA, which reimburses prevailing plaintiffs for attorneys' fees on appeal, cannot be said to anticipate the deter-

---

**1.** Since I have found that this Court has jurisdiction under § 405(g) to entertain plaintiff's motion, I need not determine whether jurisdiction also exists under the mandamus provision of 28 U.S.C. § 1361. *See, e.g., Sharpe v. Harris,* 621 F.2d 530 (2d Cir.1980); *Barnett v. Califano,* 580 F.2d 28 (2d Cir.1979); *White v. Matthews,* 559 F.2d 852 (2d Cir.1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978).

**2.** In a supplemental letter brief, plaintiff offers an explanation as to why the rate at which the

Secretary's medical witnesses are compensated —$160 per hearing—is far below the cost of plaintiff's own expert witnesses—$750. According to plaintiff, the cost in either case reflects the use of the doctor's time for the entire morning, regardless of how many hearings the doctor actually attends. As a result, plaintiff contends, the Secretary's witnesses only testify where the Secretary has scheduled four or more hearings for them in a particular morning.

rent effect on plaintiffs who must repeatedly litigate at the administrative level through no fault of their own.[3] As to this concern, equitable principles must govern.

■ With regard to plaintiff's request that another ALJ be assigned to the rehearing, I find no grounds for such an order. Plaintiff has made no allegations to suggest that the previous ALJ is not competent to hear this case. Plaintiff may be correct in asserting that the same ALJ is likely to render the same findings as to plaintiff's credibility, but this does not, of necessity, entitle the plaintiff to a different ALJ. "[T]he function of the remand is not to give the plaintiff a second opportunity to prove his case, but rather to make an adequate record for appeal. I assume that plaintiff will be given a fair hearing, regardless of which ALJ hears her case. If she is not, the point can be raised on appeal." *Smith v. HHS, supra,* slip op. at 2.

■ In reaching this decision, I have made no specific findings as to the level of the Secretary's culpability in failing to provide a record for appeal. Nevertheless, I am not unmindful of the appalling figures supplied by plaintiff's counsel concerning the number of cases in which a remand has been requested by the Secretary because of lost or faulty transcripts. *See* Exhibits A and B to Plaintiff's Motion.[4] In this regard, *the situation is not unlike others in* which the courts have encouraged the Secretary to take steps to amend suspect practices before these practices become the subject of legal challenge. *See, e.g., Keith v. Schweiker,* 732 F.2d 1089 (2d Cir.1984) (raising the possibility of future statutory challenges to the Secretary's severity regulation, 20 C.F.R. § 404.1520(c)). In some situations, the Secretary has heeded this

advice, such as in the recent decision to suspend termination cases. Given the alarming statistics which this court has seen, *see supra* n. 4, it would appear that similar attention should be focused on the problem of avoiding remands due to lost or inadequate records for appeal.

### Conclusion

The case is remanded to the Secretary. Plaintiff may recover reasonable costs and fees for the appearance of both expert witnesses and attorneys at the additional hearing necessitated by the remand. The attorneys' fees are not to be applied to the fee limitation of 42 U.S.C. § 406(b).

SO ORDERED.

---

3. Arguably, a social security plaintiff is in a somewhat similar position when the district court finds the Secretary's decision unsupported by substantial evidence. In this case, the plaintiff at least has the potential to prevail without another hearing since, if sufficient evidence is already in the record to establish his disability, the court may reverse the Secretary outright. When the file is lost, however, there is no opportunity for reversal, no matter how compelling

the evidence may have been in the damaged or lost record.

4. Statistics supplied by the Social Security Administration reveal that in 1983 alone, the Secretary filed a motion to remand for technical reasons, such as lost tapes or files, in 2236 social security cases. *See* Exhibits A and B to Plaintiff's Motion.