**Sonia RAMIREZ–ISALQUEZ, Plaintiff,**

**v.**

**Margaret HECKLER, in her capacity as Secretary of the United States Department of Health and Human Services, Defendant.**

**No. 83 Civ. 5828(CES).**

United States District Court,
S.D. New York.

June 27, 1985.

Bronx Legal Services, (Susan Barrie, New York City, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., New York City (Paul Milmed, Asst. U.S. Atty., of counsel), for defendant.

## MEMORANDUM DECISION

STEWART, District Judge:

Plaintiff's counsel seeks attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in connection with her successful appeal of a termination of disability benefits under the Social Security Act. For the following reasons, we grant the motion.

The procedural background of the case is uncontested. Plaintiff served her complaint on September 16, 1983. In order to prepare the administrative record, the Secretary received one 30–day extension of time to answer. The answer, which was filed on December 15, 1983, denied virtually all of the legally or factually relevant allegations of the complaint. According to the Assistant United States Attorney (the "AUSA") representing the Secretary, upon further review of the record, he decided that this "was an appropriate case for a voluntary remand on various grounds, including certain significant ones not raised by the complaint." He then asked his client to consider "a voluntary remand for the purpose of reversing the earlier decision and awarding full benefits." A pretrial conference was held before us on February 3, 1984. At that time, the AUSA informed his adversary that a voluntary

remand was being considered. The agreement to remand and award full benefits was reached in May of 1984; on May 31, 1984, we entered an order discontinuing the case and remanding it to the Secretary.

Under the Equal Access to Justice Act (the "EAJA"),

> a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government does not contest that the plaintiff was the prevailing party in securing a remand and full award of benefits. However, the parties differ greatly in their assessment of whether the government's position was substantially justified.

Our Circuit has clearly held that we are to assess "the government's position in litigation rather than its actions during the underlying administrative proceedings." *Dubose v. Pierce*, 761 F.2d 913 (2d Cir. 1985) (citing *Boudin v. Thomas*, 732 F.2d 1107 (2d Cir.1984). Therefore, our focus is not on the propriety of the agency's termination of benefits, but on the litigating posture of the government in defense of that termination. Further,

> [t]he government bears the burden of proving that its action as a litigant was substantially justified. *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1087 (2d Cir.1983); *Spencer*, 712 F.2d [539] at 557 [ (D.C.Cir.1983) ]; *Ellis v. United States*, 711 F.2d 1571, 1575 (Fed.Cir.1983); *Dougherty v. Lehman*, 711 F.2d 555, 561–62 (3d Cir.1983); H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 10, *reprinted* in 1980 U.S.Code Cong. & Ad. News 4984, 4989. "The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made." H.R. Rep. No. 1418 at 10, 1980 U.S.Code Cong. & Ad.News at 4989.

*Dubose, supra,* 761 F.2d at 917–18. The litigation position of the government in this case was initially a total denial of the substantive allegations of the complaint, with a subsequent total retreat from that position. Plaintiff's ultimate relief was all a social security claimant could hope for, an award of benefits.

The government argues that "for all practical purposes plaintiff's position was unopposed," and that the fact that an answer was filed in no way delayed the resolution of the suit or caused the plaintiff to expend any significant additional time. We do find the actual breakdown of the fee request a bit disturbing. Plaintiff requests a total fee award of $2,793.00 for 33.25 hours of work at the rate of $84 an hour. Between the two attorneys who worked on the case, 11.25 hours were spent on the preparation and filing of the complaint, 4.5 hours were spent after the answer was served, and 16.5 hours were spent on the fee request. There is thus merit to defendant's argument that what little opposition there was to the case did not result in the expenditure of significant additional time.

Nonetheless, the government's filing of an answer was not a meaningless formality. The government took the position that the Secretary's decision terminating benefits should be affirmed. This is as clear a reading of a party's litigation position as is possible. In *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1087–90 (2d Cir.1982), the Second Circuit went so far as to assess the reasonableness of the government's stance in settlement negotiations, finding seven months of discussion to arrive at a stipulation covering a few discrete issues unreasonable. Judge Newman dissented in that case, but what disturbed him was the lack of any opposition to the plaintiff's claim on the record, such as an answer to the complaint. *Id.* at 1087–90.

The government does not attempt to justify its answer, but concentrates on how that answer affected the course of the litigation. This is only one of the factors to be considered in assessing the government's position. The three factors recently

outlined by the Second Circuit to guide us are 1) the clarity of the governing law; 2) the foreseeable length and complexity of litigation; and 3) the consistency of the government's position. *Dubose, supra,* 761 F.2d at 918. We consider each in turn.

 The legal standards governing social security appeals have been reiterated time and time again in the recent years' explosion of litigation. *See, e.g., DeLeon v. Secretary of Health & Human Resources,* 734 F.2d 930 (2d Cir.1984); *Bluvband v. Heckler,* 730 F.2d 886 (2d Cir.1984); *Eiden v. Secretary of Health, Education & Welfare,* 616 F.2d 63, 65 (2d Cir.1980). We doubt that the government would seriously argue that the law was unsettled with respect to the various errors alleged in the plaintiff's complaint. This factor weighs heavily in plaintiff's favor.

As to the foreseeable length and complexity of the litigation, the government has a slight edge. That the plaintiff was not seriously prejudiced by the filing of the answer is reflected in the amount of time spent on that portion of the case, almost all of which was in connection with settlement and a conference before us. The government simply did not adhere to the position taken in its answer, and the plaintiff points to no facts indicating that the answer made settlement more difficult or protracted the proceedings in any way.

The last factor is whether the government took a consistent position, or whether the plaintiff was subjected to "atypically harsh treatment." *Dubose, supra,* 761 F.2d at 919–20. This element is a bit of an anomaly in this case because the government's ultimate voluntary remand and award of benefits exemplifies much better treatment than most social security claimants receive. Nonetheless, we cannot believe that the EAJA would condone or that the government should benefit from a consistently unjustifiable legal position. Other courts have observed that the pleadings in social security cases have approached a violation of Rule 11's standards for good faith. *See, e.g., Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1441 (E.D.N.Y.1983); *Ceglia v. Schweiker,* 566 F.Supp. 118, 125 n. 7 (E.D.N.Y.1983). Even if the filing of this answer reflected some general policy, it is still not excusable:

> [T]he government's lawyer might have been bound by bureaucratic constraints. For example, his office might have exclusive authority to represent the United States in a particular kind of suit, and departmental policy might require defense, on appeal, of all favorable decisions rendered in adversary adjudication. Such constraints, though they may excuse the conduct of individual attorneys are precisely what the EAJA was designed to change. Awards of attorneys' fees in such circumstances would have a salutary effect: agencies that at present adhere to such policies likely would alter their rules in ways designed to promote more careful evaluation of the merits of individual cases.

*Spencer v. NLRB,* 712 F.2d 539, 558 (D.C. Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984) (footnotes omitted). An answer denying all of the plaintiff's substantive allegations, totally abandoned later, cannot be seen as a litigation position entered into after serious evaluation of the merits.

We therefore find that the government's litigation position in this case was not substantially justified. The fact that the government ultimately settled, and skipped the usual procedure of cross-motions for judgment on the pleadings, lowers its liability in terms of the amount of fees, but does not absolve it from taking the position it initially did. The Second Circuit has expressed agreement with the D.C. Circuit's view of this type of situation:

> It seems clear that, if the government does not immediately accede to the plaintiff's demand, but instead initially opposes his claims and then at some later stage (e.g., in a pre-trial settlement) surrenders, the United States will be liable for attorneys' fees regardless of which theory [litigation position or underlying action] is applied. Under such circumstances, not only will [sic] government have acted unreasonably, but it will have adopted (at least briefly) a litigation position lacking substantial justification.

*Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081 (1983) (quoting *Spencer v. NLRB, supra,* 712 F.2d at 555 n. 58). The government did not capitulate immediately, but filed an answer, and then took another five months to actually agree to remand the case. In light of the clarity of the law and the clarity of the errors in this case, the filing of an answer in this case cannot be ignored, but must be taken at its face value—a statement of the defendant's legal position. That position was far from reasonable, and lacked substantial justification, both legally and factually.

Defendant does not oppose the fees requested in terms of hours or hourly rates. We find that the plaintiff has shown an adequate justification for a fee based on an hourly rate in excess of the statute's $75 rate. The plaintiff's motion for attorneys' fees is granted in the amount of $2,793.00.

SO ORDERED.