**Lydia CALLEJO, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. 83 Civ. 2192 (JES).

United States District Court, S.D. New York.

Aug. 2, 1985.

MFY Legal Services, Inc., New York City, for plaintiff; Theodore W. Zeichner, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Frederick M. Lawrence, Neal Mann, Asst. U.S. Attys., New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Lydia Callejo commenced this action pursuant to 42 U.S.C. § 405(g) to review a decision of defendant Heckler, Secretary of Health and Human Services, terminating plaintiff's receipt of supplemental security income on the ground that her disability had ceased. The parties stipulated and the Court so ordered that the action be remanded to the Secretary "pursuant to 42 U.S.C. § 405(g) for the holding of a *de novo* hearing, good cause for such remand having been shown," and that "pending a final decision by the Secretary following said *de novo* hearing, plaintiff is entitled to receipt of continuing benefits...."

On remand the Department of Health and Human Services Appeals Council decided that plaintiff was still disabled and therefore entitled to receive benefits. Plaintiff thereafter filed a motion pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), requesting an award of costs and attorneys' fees in connection with the instant action.[1]

Section 2412(d)(1)(A) provides that in certain civil actions a court shall award costs and attorneys' fees to a party who prevails against the United States unless the court determines that "the position of the United States was substantially justified or that special circumstances make an award unjust."[2] That statute applies

---

**1.** The Notice of Motion states that plaintiff seeks an award of attorneys' fees to plaintiff's attorney. The law is clear that an EAJA award may only be made to a party. *See, e.g., Oguachuba v. Immigration and Naturalization Service,* 706 F.2d 93, 97–98 (2d Cir.1983); *Eustache v. Secretary of the Dept. of Health and Human Services,* 601 F.Supp. 176, 178 (E.D.N.Y.1985). Therefore, any award herein would be made to plaintiff herself, and not directly to her attorneys. *See, e.g., Eustache, supra,* 601 F.Supp. at 178; *cf. Dubose v. Pierce,* 579 F.Supp. 937, 940 n. 1 (D.Conn.1984).

**2.** 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ..., incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Section 2412(d) was repealed by Pub.L. 96–481, Title II, § 204(c), 94 Stat. 2329 (Oct. 21, 1980), effective October 1, 1984. However the repealing legislation provided that section 2412(d)

where, as here, an action is brought to review an administrative decision denying disability benefits. *See, e.g., McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 30 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). The burden is on the Government to establish that its position was substantially justified, *see, e.g., Boudin v. Thomas,* 732 F.2d 1107, 1110 (2d Cir.1984); *Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983), which requires essentially a "strong" showing of reasonableness. *See, e.g., Boudin, supra,* 732 F.2d at 1116; *Environmental Defense Fund, supra,* 722 F.2d at 1085; H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10–11, 18, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4989, 4997.

Plaintiff argues that she is entitled to recover costs and attorneys' fees because (1) the position of the United States in the original agency proceedings terminating benefits was not substantially justified, as demonstrated by the reversal on remand, and (2) the position of the United States prior to remand in the instant litigation was not substantially justified.

■ The first claim is foreclosed by the law in this circuit which establishes that "the position of the United States" referred to in the statute does *not* refer to the position of the Government in any underlying agency proceedings. *See Boudin, supra,* 732 F.2d at 1115–16; *see also Spencer v. NLRB,* 712 F.2d 539, 557 (D.C. Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). Therefore, to the extent plaintiff's claim is based upon the position of the Secretary in the original agency proceedings, this cannot afford a proper basis for an award of costs and counsel fees.

■ To the extent that plaintiff seeks attorneys' fees based upon the unreason-

ableness of the position of the United States in the present litigation, the Court also rejects that claim. The facts of this case demonstrate that the Government's litigation position was in all respects reasonable and consistent with its obligation to not litigate frivolous defenses.

Plaintiff filed her complaint on March 22, 1983. Service on defendant was made on May 12, 1983. While the parties stipulated to a number of extensions of time for defendant to answer, in fact the Government never filed an answer, or took any position with respect to either the merits of plaintiff's claim or the Secretary's decision. Rather, the parties stipulated to a remand, which was so ordered by the Court on December 6, 1983. At pre-trial conferences before this Court defendant explained that a remand was necessary due to the fact that the transcript of the agency proceedings could not be located, and the Secretary had been unable to reconstruct the file.[3]

It is clear, therefore, that the Government never contested the merit of plaintiff's claim and did the only thing it could reasonably do under the circumstances, i.e., it agreed to a remand because it was in no position to ascertain, given the condition of the file, what its position on the merits should be.

Moreover, this agreement to remand for reasons unrelated to the merits is not sufficient to justify an award of costs and counsel fees. The Second Circuit has held that a social security claimant who obtains a court ordered remand for further consideration by the Secretary is not entitled to recover an EAJA award because they are not yet a "prevailing party" under the statute. *See McGill, supra,* 712 F.2d at 31. Citing the Supreme Court's decision in *Hanrahan v. Hampton,* 446 U.S. 754, 756–57, 100 S.Ct. 1987, 1988–89, 64 L.Ed.2d 670 (1980) (per curiam), the court noted that

would continue to apply to any action commenced before October 1, 1984.

**3.** Remand was further delayed because a dispute arose as to whether plaintiff was entitled to receive interim benefits during the remand. The Government ultimately agreed to an inter-

im benefits award. At oral argument on this motion, counsel for plaintiff advised the Court that the motion for attorneys' fees was *not* based in any way upon this dispute, or the Government's position on the interim benefits issue.

"fee awards are appropriate only where 'a party ... has established his entitlement to some relief on the merits of his claims.'" 712 F.2d at 31; *see also Roman v. Schweiker*, 559 F.Supp. 304, 305 (E.D.N.Y. 1983); *cf. Environmental Defense Fund, supra*, 722 F.2d at 1085 n. 4. The Second Circuit stated that in the context of a social security case, the claimant generally "prevails" under the EAJA only "when it is determined that she is entitled to benefits." *McGill, supra*, 712 F.2d at 31–32. The Court sees no reason why a different result should obtain merely because the Government has agreed to such a remand. Indeed, such a rule would encourage the Government to engage in precisely the type of litigious conduct which the statute is designed to avoid.

■ Plaintiff also appears to argue that because she ultimately did prevail on the merits on remand, and since she had to bring this action to secure her rights, a fee award is mandated. Such a broad holding, however, which fails to consider whether the Government in this litigation affirmatively or unreasonably opposed plaintiff's claim, clearly distorts the meaning and intent of the statute. *Cf. Spencer, supra*, 712 F.2d at 555–56 & nn. 58 & 60; *McGill, supra*, 712 F.2d at 31–32. As the court noted in *Boudin*, the EAJA was not intended to be an "'automatic fee-shifting provi-

sion.'" *See* 732 F.2d at 1115–16 (quoting *Spencer, supra*, 712 F.2d at 553). The United States is not an insurer of an agency's action, and ultimately prevailing against the Government is not and should not be a guarantee that a claimant will recover an EAJA award. *See, e.g., Asburn v. United States*, 740 F.2d 843, 850 (11th Cir.1984); *Spencer, supra*, 712 F.2d at 550; *Correa v. Heckler*, 587 F.Supp. 1216, 1223–24 (S.D.N.Y.1984); H.R.Rep. No. 1418, *supra*, at 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News, *supra*, at 4989.

By obtaining a voluntary remand herein, plaintiff did not in any way establish her entitlement to benefits. *See, e.g., McGill, supra*, 712 F.2d at 31–32. Nor did the Government concede that plaintiff was correct on the merits and abandon its prior opposition to her claim, as in *Environmental Defense Fund, supra*, 722 F.2d at 1086.[4] Therefore, the Court finds that the Government was entirely reasonable in taking no action to defend the Secretary's decision and stipulating to a remand after concluding that the record of the agency proceedings could not be reconstructed. The absence of a record meant there was no basis either for the United States to form a litigation position with respect to the Secretary's decision on the merits or for the Court to review the agency determination.[5] It follows that plaintiff's applica-

---

**4.** While nearly seven months elapsed between service and the stipulation to remand, the fact that during that period the Government was attempting to reconstruct the agency file distinguishes this case from *Environmental Defense Fund*, where a seven month delay from the time of a hearing on a TRO application until settlement was caused by the Government's insistence on positions which it finally abandoned and which were excluded from the stipulation of settlement, and where in the stipulation of settlement the Government conceded the major points sought by plaintiff. *See* 722 F.2d at 1084, 1086. *See also Ashburn, supra*, 740 F.2d at 850–51; *White v. United States*, 740 F.2d 836, 842 (11th Cir.1984). In any event, it is difficult to see how this delay had any significant impact on plaintiff's costs and counsel fees.

**5.** The cases cited by plaintiff in support of her claim for costs and counsel fees are not persuasive. In *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982), the action was settled by

stipulation whereby the Government "acknowledged the Agency's error." *Id.* at 1321. Moreover, a subsequent Second Circuit case suggests that in view of the apparently immediate capitulation by the Government an EAJA award may not have been appropriate. *See Environmental Defense Fund, supra*, 722 F.2d at 1086 (quoting *Spencer, supra*, 712 F.2d at 555 n. 58).

*Vega v. Schweiker*, 558 F.Supp. 52 (S.D.N.Y. 1983), *Coffman v. Heckler*, 580 F.Supp. 67 (N.D. Calif.1984), and *Ceglia v. Schweiker*, 566 F.Supp. 118 (E.D.N.Y.1983), to the extent that they may hold that an EAJA award is merited simply because a case is remanded for further agency proceedings, are contrary to the law of this circuit. *See McGill, supra*, 712 F.2d at 31. Moreover, in both *Vega* and *Ceglia*, it is clear that prior to remand the Government took an active litigation position in opposition to the plaintiffs' claim.

In *Cunningham v. Heckler*, 587 F.Supp. 43 (D.Conn.1984), the court reversed the Secre-

tion for costs and attorneys' fees must be denied.[6]

It is SO ORDERED.

tary's decision on the merits, and found the Government's active defense of that decision unreasonable. Finally, *Gordon v. Heckler,* 586 F.Supp. 805 (E.D.N.Y.1984), involved an award of attorneys' fees pursuant to "equitable considerations," and not under the EAJA.

**6.** It is therefore unnecessary to address defendant's argument that plaintiff's attorney has supplied insufficient documentation of the time spent and work done with respect to this case, to support an EAJA award.