

Marshall Green, Legal Aid Society, Bronx, N.Y. (Stephen Loffredo, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Rosemarie E. Matera, Sp. Asst. U.S. Atty., Annette H. Blum, Chief Counsel, Region II, and Peter O'Malley, Asst. Regional Counsel, Office of General Counsel, Dept. of Health and Human Services, of counsel), for defendant.

---

**Tomasina GONZALEZ, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 84 Civ. 0110(MEL).**

United States District Court, S.D. New York.

Dec. 23, 1986.

LASKER, District Judge.

In *Gonzalez v. Bowen*, 84–0110 (S.D.N.Y. Apr. 23, 1986) (*Gonzalez I*) [Available on WESTLAW, DCTU database], plaintiff Tomasina Gonzalez prevailed on the review of a final decision of the defendant, the Secretary of Health and Human Services ("the Secretary"), denying her application for social security benefits. Upon the recommendation of the Honorable Sharon E. Grubin, Magistrate, I reversed the decision of the Health and Human Services Appeals Council ("Appeals Council"), which had refused to adopt an administrative law judge's finding that Gonzalez was disabled. The grounds of reversal were that the Appeals Council decision was not supported by substantial evidence. The case was remanded to the Secretary for calculation and award of benefits.

Gonzalez now moves pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985) ("EAJA") for attorney's fees in the amount of $6,380.37. Gonzalez asserts that the government's position in the earlier stages of the litigation was not substantially justified because of the finding that the Appeals Council's decision was not supported by substantial evidence. In opposition the Secretary argues that the government's position was substantially justified in spite of the finding of lack of substantial evidence. In the alternative, the Secretary claims that the time for which Gonzalez requests attorney's fees is excessive and that the EAJA limits Gonzalez to an hourly rate lower than she has requested.

█ Under the EAJA, the government has the burden of demonstrating the substantial justification of its position, *Dubose v. Pierce*, 761 F.2d 913, 917 (2d Cir.1985); *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir.1983), and a " 'strong showing' " must be made to meet that burden, *Environmental Defense Fund*, 722 F.2d at 1085 (quoting from the legislative history of the original enactment of the EAJA, H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, 18 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4997).

The Court of Appeals for this circuit, in cases decided prior to the 1985 legislation which reenacted and amended the EAJA, determined that the test of whether the government's position is substantially justified is " 'essentially one of reasonableness,' " *Dubose*, 761 F.2d at 917 (quoting from the legislative history of the original enactment of the EAJA, H.R.Rep. No. 1418 at 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4997); *Environmental Defense Fund*, 722 F.2d at 1085. In contrast, the House Report accompanying the 1985 EAJA amendments stated that a

> problem which has developed in the implementation of the Act has been the fact that courts have been divided on the meaning of "substantial justification." Several courts have held correctly that "substantial justification" means more

than merely reasonable. Because in 1980 Congress rejected a standard of "reasonably justified" in favor of "substantially justified," the test must be more than mere reasonableness,

H.R.Rep. No. 120, 99th Cong., 1st Sess. 9, 9–10 (1985), *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 138 (footnotes omitted), casting doubt on the continued viability of the "reasonableness" standard, *see Panzarino v. Bowen*, 84–7106 (S.D.N.Y. July 14, 1986) [Available on WESTLAW, DCTU database]. (available on LEXIS Genfed library, courts file). The Court of Appeals for this circuit has not yet ruled on whether the language quoted above requires the application of a more rigorous standard for "substantial justification" than "reasonableness," and courts that have considered the issue have reached different conclusions. Some have interpreted the legislative history as clearly stating that the standard must be more than reasonableness. *See, e.g., Lee v. Johnson*, 799 F.2d 31, 38 n. 7 (3rd Cir.1986) (legislative history to 1985 EAJA amendments is consistent with Third Circuit standard: "To establish that its position was substantially justified, the government must show more than that position was merely reasonable; it must also demonstrate that the position presented an unsettled or close question of law"); *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1317–1318 (8th Cir.1986) (rejecting prior reasonableness standard in light of the 1985 amendments); *Gavette v. Office of Personnel Management*, 785 F.2d 1568, 1578–79 (Fed.Cir.1986) (same); *Panzarino, supra* (Second Circuit reasonableness standard no longer viable); *Mangognia v. Heckler*, No. 84 C 10325 (E.D.Il. July 28, 1986) [Available on WESTLAW, DCTU database] (available on LEXIS, Genfed library, court file) (in 1985 amendments "Congress clarified that 'substantial justification' means more than merely reasonable"). Other courts have found the legislative history, taken as a whole, to be inconclusive and contradictory on this issue, and have adhered to the previously applied standard of reasonableness because the

legislative history is puzzling. The unchallenged portion of the House Report indicates that government action must be more than merely reasonable to be substantially justified. The co-sponsors' comments during the floor debates, by contrast, indicate that an action may be substantially justified even though it is arbitrary and capricious. We see no way to harmonize these positions.

*Russell v. National Mediation Board,* 775 F.2d 1284, 1289 (5th Cir.1985); *see also Mager v. Heckler,* 621 F.Supp. 1009, 1011–1012 (D.Col.1985) (agreeing with *Russell* that legislative history is inconclusive).

■ However, whether under the 1985 amendments to the EAJA the standard for substantial justification is now more than reasonableness, or whether the standard to be applied is still reasonableness, it is clear that in this case the government has failed to meet its burden concerning its position in this litigation.[1] In *Gonzalez I* it was determined, upon a *de novo* review of Magistrate Grubin's recommendations, that the Appeals Council's decision was not supported by substantial evidence.[2] *Gonzalez I,* slip op. at 2. The Appeals Council's conclusions about Gonzalez' reason for stopping work and about her medical condition were found to be "speculative at best" and "without evidentiary foundation," *id.* at 2, and its rejection of Gonzalez' testimony regarding her functional limitations was found to be "in large part unjustified," *id.* at 3. The House Report accompanying the 1985 amendments states that "[a]gency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act" except under "the most extraordinary special circumstances." H.R.Rep. 120 at 9–10, *reprinted in* 1985 U.S.Code Cong. & Ad.News at 138. Although some courts have declined to accept this statement as a *per se* rule, pointing out that this portion of the House Report was contradicted and criticized by co-sponsors of the EAJA on the floor of Congress as overly broad, *see, e.g., Russell,* 775 F.2d at 1289, in a case such as this, where there is "simply 'little or no evidence supporting the government's position,' " *see Correa v. Heckler,* 587 F.Supp. 1216, 1223–24 (S.D.N.Y.1984) (quoting *Hornal v. Schweiker,* 551 F.Supp. 612, 617 (M.D. Tenn.1982)), it is clear that the government's position was unreasonable and that,

---

1. In the 1985 amendments to the EAJA, Congress added a definition specifying that " 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based," § 2412(d)(2)(d), as amended by Pub.L. No. 99-80, 99 Stat. 183 (1985). According to the House Report, this provision was designed to end a previous division amongst the circuits by making it clear that "the position of the United States" is "not limited to the government's litigation position but include[s] the action—including agency action—which led to the litigation," H.R.Rep. No. 120 at 9, *reprinted in* 1985 U.S. Code Cong. & Ad.News at 137. Hence, although the Court of Appeals for this circuit has yet to interpret this language, the amendment appears to overrule the Court of Appeals' determination in *Boudin v. Thomas,* 732 F.2d 1107, 1116 (2d Cir.1984), that "position of the United States" includes only the government's litigation stance. *But cf. Jackson v. Heckler,* 629 F.Supp. 398 (S.D. N.Y.1986) (citing but not discussing the 1985 amendments, and applying the *Boudin* rule). However, determination of this issue is not critical to this decision, where the Secretary's litigation position is simply that the denial of benefits to Gonzalez was substantially justified, *see Herron v. Bowen,* 788 F.2d 1127, 1130 (5th Cir.1986) (per curiam).

2. The Secretary's central argument in support of the claim that the government's position was substantially justified is that in *Gonzalez I* I incorrectly reviewed the record *de novo,* and that "such an independent analysis of the evidence should not now be used to determine that the Secretary's interpretation ... lacked substantial justification," Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees at 5–6. This argument is based on an inadvertent misphrasing in the *Gonzalez I* decision. As the Correcting Memorandum to *Gonzalez I,* issued with this opinion, points out, the phrase "a *de novo* review of the Appeals Council's decision," *Gonzalez I,* slip op. at 1, should have read, "a *de novo* review of the Magistrate's decision." The immediately following citation to 28 U.S.C. § 636(b)(1)(C), the statute which sets the standard for judicial review of magistrates' decisions, indicates that the original reference to the Appeals Council was an oversight.

accordingly, Gonzalez is entitled to an attorney's fee award.

 Gonzalez requests $6,380.37 in attorney's fees, which represents a total of 70 hours and 55 minutes of work at $89.97 per hour. Declaration of Stephen Loffredo ¶ 5 and Exhibit A (July 15, 1986) ("Loffredo Declaration"). The Secretary objects that both the number of hours and the hourly charge are excessive. I conclude that the amount of the award requested is reasonable.

Gonzalez' counsel has provided the required contemporaneous time records to support his request for attorney's fees for 70 hours and 55 minutes of work. *See New York State Association for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983). The request is reasonable in light of the fact that (1) the Secretary's memorandum of law to Magistrate Grubin required a reply, (2) the Secretary's filing of objections to the Magistrate's Report and Recommendation required plaintiff to prepare and submit responding papers and (3) the Secretary's refusal to negotiate an attorney's fee caused Gonzalez' counsel to expend additional time in preparing the papers in support of the present motion. Loffredo Declaration at ¶ 4 and Exhibit C; Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees at 11–12 (July 15, 1985). Moreover, the time expended by counsel compares favorably to the number of hours for which attorney's fees have been awarded in other social security cases. *See, e.g., Jackson v. Heckler,* 629 F.Supp. 398, 406 (S.D.N.Y.1986) (fees for 65.75 hours of work awarded in individual disability claim); *Tavarez v. Heckler,* 610 F.Supp. 1059, 1964 (S.D.N.Y. 1985) (fees for 100 hours of work awarded in individual disability claim); *Velazquez v. Heckler,* 610 F.Supp. 328, 332 (S.D.N.Y. 1984) (fees for 68 hours of work awarded in individual disability claim).

As to the rate per hour, the EAJA directs that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attor-

ney's fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The government does not object to the application of a $75 per hour rate. However, the application by counsel asks for compensation at the rate of $89.97, based on an increase in the cost of living. While $75 per hour is the maximum award normally allowable, the EAJA states that an increase in the cost of living may justify an increase, a provision which "seems designed to provide a disincentive to agencies to prolong the litigation process," *Natural Resources Defense Council v. U.S.E.P.A.,* 703 F.2d 700, 713 (3rd Cir. 1983), and which reflects "congressional awareness that, with inflation, the fee limiting provision could defeat the purpose of the statute," *Action on Smoking and Health v. C.A.B.,* 724 F.2d 211, 217 (D.C. Cir.1984). Cost of living increases in EAJA fee awards are not unusual. *See, e.g., Action on Smoking and Health,* 724 F.2d at 219–220; *Natural Resources Defense Council,* 703 F.2d at 713; *Jackson v. Heckler,* 629 F.Supp. at 405–406 (granting attorney's fees at $88.73 dollars per hour); *but cf. Chipman v. Secretary of Health and Human Services,* 781 F.2d 545, 547 (6th Cir.1986) (refusing to hold that district court abused its discretion in failing to grant cost of living increase). Here, Gonzalez' counsel has represented that the increase in the consumer price index for urban consumers in the New York metropolitan area from the relevant date, October 1, 1981, (when the amendment adding § 2412(d) became effective, *see Jackson,* 629 F.Supp. at 405), to the present time warrants an increase in the EAJA fee rate from $75 per hour to $89.97 per hour. Loffredo Declaration at Exhibit D. This cost-of-living increase is in keeping with counsel's impressive qualifications, *see id.* at ¶¶ 6–8, which is a factor to be considered in determining an attorney's rate under the EAJA, *see Action on Smoking and Health,* 724 F.2d at 219. Gonzalez' request

for attorney's fees at the rate of $89.97 per hour is granted.

Gonzalez' request for reasonable attorneys' fees under 28 U.S.C. § 2412(d)(1)(A) is granted in the amount of $6,380.37.

It is so ordered.