Joseph J. SANCHEZ, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–K–2014.

United States District Court, D. Colorado.

Feb. 15, 1985.

John Whitehouse Cobb, Roper, Lief, Mains & Cobb, Boulder, Colo., for plaintiff.

Robert N. Miller, U.S. Atty., Nancy E. Rice, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER AWARDING FEES

KANE, District Judge.

■ Joseph Sanchez is a member of the class seeking payment of social security disability benefits through this action. Although I remanded Mr. Sanchez's case for further administrative action, plaintiff won interim benefits as a direct result of this law suit and ultimately, *via* the administrative process and also as a direct result of this lawsuit, the relief to which he was entitled—social security disability benefits. As contemplated by the Equal Access to

Justice Act, Mr. Sanchez has prevailed in this lawsuit.

Although the defendant objects to an award of fees in this case, the litigation position of the government was not substantially justified. *See McGill v. Secretary of H.H.S.*, 712 F.2d 28, 32 (2d Cir. 1983). Both the relief obtained at the hearing on February 29, 1984 in the nature of interim benefits and the final determination on the merits by the defendant agency after remand were directly obtained as a result of the civil action.

 Although a party may not be entitled to fees on an order of remand, if the subsequent agency action is favorable, the party will thereafter be entitled to fees under the EAJA. *Trujillo v. Heckler*, 582 F.Supp. 701, 709 (D.Colo.1984). It is important to note that I was effectively forced to remand the case because of defendant's failure to procure or develop the administrative record below in a timely manner. I was, therefore, prevented from reversing and awarding benefits—as I would certainly have done. A similar situation resulted in an award of fees in *Gross v. Schweiker*, 563 F.Supp. 260 (N.D.Ind.1983).

Mr. Sanchez has requested compensation for attorney fees at the rate of $88.50 an hour. Although the EAJA sets a maximum hourly fee rate of $75.00 an hour, it provides for enhanced fees if, *inter alia*, a showing of inflation is made which justifies a higher fee. The affidavit of Mr. Charles Lief, Esq., shows an increase in the Denver average Consumer Price Index of 18% from the time the EAJA was enacted through December, 1984. A corresponding 18% increase in the $75.00 EAJA amount comes to $88.50 an hour. The affidavit and time sheets of the attorney who handled the matter, Mr. Brian Lawlor, Esq., show that 41 hours were reasonably expended in the prosecution of this case. Thus, plaintiff is entitled to an award of attorney fees in the amount of $3,628.50. Plaintiff is also entitled to attorney fees incurred in the prosecution of the application for fees in an amount as may be finally itemized.

I encourage the parties to stipulate to this latter amount. If the parties are unable to stipulate as to this latter fee amount as well as plaintiff's costs, I will decide the issue upon plaintiff's submission of proper filings within fifteen days after the date of this order.

IT IS ORDERED that Mr. Sanchez's motion for fees is granted and he is awarded attorney fees in the amount of $3,628.50. It is further

ORDERED that plaintiff will be allowed attorney fees incurred in the prosecution of the application for fees in an amount to be determined. It is further

ORDERED that plaintiff is awarded costs in an amount to be determined.