**Stephen R. MARQUEZ, Plaintiff,**

v.

**Otis R. BOWEN, Defendant.**

**No. 86–1358–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Oct. 22, 1987.

David J. Lolliesand, Miami, Fla., for plaintiff.

Michael Minkin, Asst. U.S. Atty., Miami, Fla., for defendant.

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

HOEVELER, District Judge.

THIS CAUSE came for consideration upon a Motion by the Plaintiff for attorney fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. § 2412. The Plaintiff was represented by counsel in appealing the denial of disability benefits under the Social Security Act. The Plaintiff prevailed in that action and was awarded disability benefits. Final Judgment was entered in May, 1987. The Plaintiff now seeks to recover attorney fees. There is no dispute that Plaintiff is entitled to some attorney fees. The only issues in dispute are: (1) the hourly rate at which Plaintiff may recover attorney fees; and (2) whether Plaintiff can recover fees for the time spent in recovering the attorney fees.

The EAJA states:

Except as otherwise specifically provided by statute, a Court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any Court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

In enacting the EAJA, the Congress specifically provided that there would be a statutory rate of $75.00 per hour. That fee was not to be exceeded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee" 28 U.S.C. § 2412(d)(2)(A)(ii). On August 5, 1985 the Congress reenacted 28 U.S.C. § 2412(d) without modification of the $75 maximum hourly rate.

Defendant, Secretary of Health and Human Services, argues that the fact Congress did not alter the $75 per hour amount under the original Act indicates that Congress did not feel the cost of living increases between 1981 and 1985 should be taken into account in awarding attorney fees under the EAJA. However, there are cases which have interpreted the 1985 Amendments to the EAJA differently. In *Sierra Club v. Marsh*, 639 F.Supp. 1216 (D.Me. 1986), the court rejected Defendant's argument:

> The government's position and the single case upon which it relies, *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir.1986), ignore a basic principle of statutory construction and would lead to an incongruous result. There is nothing in the legislative history of the 1985 amendments to indicate a congressional intent that inflation occurring between 1981 and 1985 now should be ignored. To hold otherwise would be to disregard the law as it existed and was interpreted during the first four years of the EAJA ... Moreover, the government's interpretation would lead to the absurd result that plaintiffs who received inflation-adjusted compensation before the 1985 reenactment of the EAJA will have been compensated at higher rates than plaintiffs compensated under the 1985 extension of the Act.

*Sierra Club*, 639 F.Supp. at 1221–2.

In *Hirschey v. F.E.R.C.*, 777 F.2d 1 (D.C. Cir.1985), the court noted that "the provision for a cost-of-living increase remains unchanged and therefore applies as it did originally." *Id.* at 5. In that case, the court granted an increase to $89.73 per hour and characterized the recent legislation as a "series of amendments" rather than a reenactment of the EAJA. *Id.* at 5 n. 22. *See also Trichillo v. Secretary of Health and Human Services*, 647 F.Supp. 125 (N.D.N.Y.1986) (The court agreed with *Hirschey*, and determined that the cost-of-living increase should be computed from October, 1981). There are numerous cases which support the view that the rate can be increased based on the cost-of-living increase. *See e.g., Gonzalez v. Bowen*, 650 F.Supp. 128 (S.D.N.Y.1986); *Jackson v. Heckler*, 629 F.Supp. 398 (S.D.N.Y.1986); and *Fleming v. Bowen*, 637 F.Supp. 726 (D.D.C.1986). Cost of living increases have been computed using the the rate of inflation as reported by the Consumer Price Index (CPI) published by the Bureau of Labor Statistics. *See Natural Resources Defense Council, Inc. v. U.S.E.P.A.*, 703 F.2d 700 (3d Cir.1983); *Sanchez v. Heckler*, 603 F.Supp. 280 (D.C.Colo.1985); *Hyatt v. Heckler*, 586 F.Supp. 1154 (W.D.N.C.1984); and *Impro Products, Inc. v. Block*, 569 F.Supp. 1389 (D.D.C.1983).

■ Based on the aforementioned case law, Plaintiff should be awarded an increase above the statutory rate of $75.00 based on the cost-of-living increase since October, 1981. According to the Plaintiff, the CPI in October, 1981 was 279.9, while the CPI for March, 1987 was 335.9. Therefore, the rate at which Plaintiff should be awarded attorney fees is $90.01 per hour. (Plaintiff's Memo in Support of the Motion for Attorney's Fees p. 4). At a rate of $90.01 per hour, Plaintiff should be awarded attorney fees in the amount of $1,593.18 for his 17.70 hours of work.

■ The second question to be resolved is whether the Plaintiff should be awarded attorney fees for the time spent in trying to recover the attorney fees. There is case law that supports Plaintiff's position. *See e.g., Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979), *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); and *Vega v. Schweiker*, 558 F.Supp. 52, 54 (S.D.N.Y. 1983). However, Defendant argues that it is unreasonable to award the Plaintiff attorney's fees for 27.60 hours of work in connection with the EAJA claim when the disability case only generated an alleged 17.70 hours of work. If fee claims are exorbitant or unnecessarily high, a district judge may refuse further compensation or grant it sparingly. *Gagne*, 594 F.2d at 344. While this court believes that Plaintiff is entitled to fees for the time spent in procuring the attorney fees, we agree with Defendant that the fees requested are unreasonably high and accordingly reduce Plaintiff's recovery to $800 for the work performed in recovering attorney fees under the EAJA. Moreover, a reduction of

fees is especially appropriate in this case since, given the fact that Plaintiff's attorney handles numerous other cases in which recovery of attorney fees may be sought, the work performed in recovery of attorney fees in this case will be beneficial to Plaintiff's other cases.

For the aforesaid reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 be granted in part. Defendant is ordered to pay Plaintiff's attorney fees in the amount of $2,393.18.