869 F.2d 548
 25 Soc.Sec.Rep.Ser. 88, Unempl.Ins.Rep. CCH 14536A
Marilyn HEADLEE, Plaintiff-Appellant,
v.
Otis R. BOWEN, in his official capacity as Secretary of
Health and Human Services, Defendant-Appellee.
 No. 87-2721.
 United States Court of Appeals,
Tenth Circuit.
 March 2, 1989.
Rehearing Denied May 15, 1989.
 
 Daniel M. Taubman, Colorado Coalition of Legal Services Programs (Brian Patrick Lawlor, Colorado Rural Legal Services, Inc., with him, on the briefs), Denver, Colo., for plaintiff-appellant.
 Chalk S. Mitchell, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., Ronald S. Luedemann, Chief Counsel, Thomas A. Nelson, Jr., Deputy Chief Counsel, Jeffrey C. Blair, Asst. Regional Counsel, of counsel, with him, on the brief), Denver, Colo., for defendant-appellee.
 Before McKAY, BARRETT, and BALDOCK, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 Marilyn Headlee (Headlee) appeals from an order entered by the district court on her application for attorney fees under the Equal Access to Justice Act, 28 U.S.C.A. Sec. 2412(d) (EAJA). The relevant facts may be briefly summarized.
 
 
 1
 On April 27, 1987, the district court reversed a decision of the Secretary of Health and Human Services (Secretary) denying Headlee's disability benefits. 708 F.Supp. 1167. The district court found that Headlee was disabled and had been disabled since June 11, 1982. Headlee's case was remanded to the Secretary for calculation of benefits.
 
 
 2
 On July 23, 1987, Headlee filed an application for attorney fees under EAJA. Sec. 2412(d)(1)(A) provides that a district court shall award to a prevailing party fees and other expenses, including attorney fees, unless the court finds that the position of the government was "substantially justified or that special circumstances make an award unjust." Sec. 2412(d)(2)(A) provides that "the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished except that ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." Within her application, Headlee alleged that the three attorneys who worked on her case were entitled to compensation at $90.75 per hour:
 
 
 3
 11. Prevailing market rates support a minimum award of $75.00 per hour to all three attorneys..... Both Mr. Lawlor and Ms. Robinow have been awarded EAJA fees in this district at the $75.00 rate or higher. Sanchez v. Heckler, 603 F.Supp. 280, 281 (D.Colo.1985) ($88.50 per hour under EAJA to Mr. Lawlor, based upon cost of living increase); Mager v. Heckler, 621 F.Supp. 1009 (D.Colo.1985) (EAJA fee awarded to Ms. Robinow based upon $75.00 hourly rate).
 
 
 4
 12. Ms. Mitchell practices in Salina, Kansas.... [T]he hourly market rate for lawyers of comparable experience in the Salina and Wichita areas of Kansas is $70 to $80 per hour.
 
 
 5
 13. The EAJA authorizes the Court to award fees in excess of the $75.00 per hour statutory maximum in order to reflect the cost of living increase since October 1, 1981. 28 U.S.C. Sec. 2412(d)(2)(A)(ii).
 
 
 6
 14. Attached as Exhibit F is the Consumer Price Index published by the Bureau of labor Statistics, U.S. Department of Labor, which establishes that the cost of living has increased 21.0% since October 1, 1981, the effective date of the EAJA as originally enacted. The Consumer Price Index is sufficient evidence upon which to calculate the cost of living since 1981 for the purpose of determining an EAJA fee award. Jackson v. Heckler, 629 F.Supp. 398, 405-06 (S.D.N.Y.1986).
 
 
 7
 15. A comparable increase to reflect the 21.0% cost of living since October 1, 1981 is requested for all three attorneys who have represented the plaintiff. Based upon the foregoing, the hourly rate requested for all three attorneys is $90.75 ($75.00 X 1.21). (footnote omitted).
 
 
 8
 (R., Vol. I, Tab 3, pp. 3-4).
 
 
 9
 On August 20, 1987, Secretary filed its response to Headlee's application and argued that: its position was substantially justified, precluding the award of any EAJA attorney fees; fees, if awardable at all, should be at $75.00 per hour, or less; and any cost of living increase adjustment to the $75.00 per hour fee, if determined appropriate by the district court, should be calculated from the 1985 re-enactment date of the EAJA, rather than from its 1981 enactment date.
 
 
 10
 The district court subsequently entered an order finding that the Secretary had not advanced any legal or factual arguments supporting the conclusion that the government's action was substantially justified. The court also awarded Headlee attorney fees of $4,657.50 (62.1 hours X $75.00/hour):
 
 
 11
 Plaintiff requests attorney fees in the amount of $6,615.68, based upon a total of 72.9 hours worked at a rate of $90.75 per hour. Plaintiff asserts the rate of $90.75 is appropriate due to the increase in the Consumer Price Index since 1981. We find that a rate of $75 per hour is sufficient; when congress reenacted the EAJA in 1985, it did not increase the $75 per hour limit on fees contained in 28 U.S.C. Sec. 2412(d)(2)(A), despite inflation since 1981.
 
 
 12
 * * *
 
 
 13
 The Court agrees with defendant's assertion that the time spent in administrative proceedings following the Court's remand on October 23, 1985 are not compensable.... Therefore, 10.8 hours spent following the Court's remand is not compensable.
 
 
 14
 The Court finds that the remaining time spent by plaintiff's attorney was reasonable, considering the complex nature of the legal and factual issues involved. Therefore, the Court finds that 62.1 hours of attorney time are compensable. (72.9 hours - 10.8 = 62.1 hours).
 
 
 15
 Thus, attorney fees in the amount of $4,657.50 or (62.1 hours X $75.00) are reasonable, and shall be awarded in favor of plaintiff.
 
 
 16
 (R., Vol. I, Tab 4 at pp. 4-5).
 
 
 17
 On appeal, Headlee contends that the EAJA authorizes an increase in the $75.00 hourly rate to reflect the increase in the cost of living since October 1, 1981, and that the district court abused its discretion in not granting an increase in the hourly rate above $75.00 to reflect increases in the cost of living. Headlee argues that the district court overlooked the decisions of four circuit courts which have approved granting cost of living increases since October 1, 1981, in awarding EAJA attorney fees: Trichilo v. Secretary of HHS, 823 F.2d 702 (2nd Cir.1987); Allen v. Bowen, 821 F.2d 963 (3rd Cir.1987); Sierra Club v. Secretary of the Army, 820 F.2d 513 (1st Cir.1987); and Hirschey v. FERC, 777 F.2d 1 (D.C.Cir.1985).
 
 
 18
 Headlee cites Trichilo v. Secretary for the proposition that early court decisions implementing the cost of living provision "routinely set the date from which such adjustments should be calculated as October 1, 1981, the effective date of the EAJA." 823 F.2d at 705. Headlee also cites Sierra Club v. Secretary for the proposition that cost of living increases must be calculated in each instance from October 1, 1981, to avoid the "paradoxical interpretation" whereby attorneys compensated under the original EAJA as enacted in 1981 would be compensated at a higher hourly rate than attorneys compensated under the 1985 re-enactment of the EAJA.
 
 
 19
 Secretary responds that the courts have split over the issue of calculating cost of living increases for EAJA attorney fees from the date of the EAJA's original enactment in 1981 or its reenactment in 1985. Secretary cites Chipman v. Secretary of Health and Human Services, 781 F.2d 545 (6th Cir.1986) for the proposition that the district court did not err in declining to award a cost of living increase since 1981. In Chipman v. Secretary, the court held:
 
 
 20
 Plaintiff's first argument is that the district court erred in refusing to augment the $75 statutory hourly rate by a factor representing the rise in the cost of living since the enactment of the EAJA. In this regard, we think it important that the $75 statutory rate is a ceiling and not a floor. Moreover, we note that Congress, in reenacting 28 U.S.C. Sec. 2412(d) on August 5, 1985, did not raise the $75 maximum hourly rate despite the rise in the cost of living since its original enactment in 1980. See Pub.L. No. 99-80, Sec. 6, 99 Stat. 186 (1985). Accordingly, we do not believe the district court abused its discretion in determining that the fees awarded should not exceed $75 per hour even though the cost of living may have indeed risen since the enactment of the EAJA.
 
 
 21
 781 F.2d at 547.
 
 
 22
 Inherent in Headlee's argument that the $75.00 per hour fee must be increased to reflect the cost of living increases since October 1, 1981, is her belief that the district court was obligated to increase her fees after she introduced evidence reflecting the 21.0% cost of living increase since October 1, 1981. Such is not the law and would, contrary to established case law, remove the discretion routinely afforded district courts in awarding EAJA attorney fees. See Gatson v. Bowen, 854 F.2d 379, 381 (10th Cir.1988) (maximum number of hours and hourly rate for EAJA attorney fees question of fact to be determined by the district court); Hadden v. Bowen, 851 F.2d 1266, 1268 (10th Cir.1988) (review district court's application of EAJA for an abuse of discretion); Vibra-Tech Engineers, Inc. v. United States, 787 F.2d 1416, 1418 (10th Cir.1986) (district court's ruling on EAJA attorney fees to be modified only when there is an abuse of discretion and district court's findings of fact are to be reversed only if clearly erroneous). See also Harris v. Secretary of Health and Human Services, 836 F.2d 496, 498 (10th Cir.1987) (attorney fees to be awarded to successful Social Security claimant involves disputed issues of fact best determined by the district court); Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir.1987) (setting attorney fees awardable under EAJA and Social Security Act is best determined by district court); Lucero v. City of Trinidad, 815 F.2d 1384, 1385 (10th Cir.1987) (establishment of hourly rates in awarding attorney fees under 42 U.S.C.A. Sec. 1988 is within the discretion of the district court who is familiar with the case and prevailing rates in the area); Kopunec v. Nelson, 801 F.2d 1226, 1229 (10th Cir.1986) (district court itself may be considered an expert in setting legal fees awardable under EAJA).
 
 
 23
 The discretion afforded district courts in awarding attorney fees under EAJA was recently reiterated in Pierce v. Underwood, --- U.S. ----, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) in which the Court opined:
 
 
 24
 The final issue before us is whether the amount of the attorney's fees award was proper. Here it is well established that the abuse-of-discretion standard applies. See Hensley v. Eckerhart, 461 U.S. , at 437 [103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) ] (42 U.S.C. Sec. 1988); Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 560-561 [106 S.Ct. 3088, 3095-3096, 92 L.Ed.2d 439] (1986)....
 
 
 25
 The EAJA provides that attorney's fees ... "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee."
 
 
 26
 We do not think Congress meant that if the rates for all lawyers in the relevant city--or even in the entire country--come to exceed $75 per hour (adjusted for inflation), then that market-minimum rate will govern instead of the statutory cap. To the contrary, the "special factor" formulation suggests Congress thought that $75 an hour was generally quite enough public reimbursement for lawyer's fees, whatever the local or national market might be.
 
 
 27
 * * *
 
 
 28
 * * *
 
 
 29
 The EAJA differs ..., but more fundamentally because it is not designed to reimburse reasonable fees without limit.
 
 
 30
 (At pp. ---- - ----, 108 S.Ct. at pp. 2553-54).
 
 
 31
 Applying this standard, we hold that the district court did not abuse its discretion in awarding Headlee attorney fees of $75.00 per hour. As set forth, supra, the district court, after considering Headlee's evidence, including a Consumer Price Index reflecting the cost of living increase since October 1, 1981, specifically found that a rate of $75.00 per hour was sufficient and that attorney fees of $4,657.50 (62.1 hours X $75.00) were reasonable. Furthermore, whereas the four circuit cases relied upon by Headlee did approve cost of living increases, we do not interpret those decisions as mandating a cost of living increase in each instance in total disregard of the discretion afforded the district court in setting EAJA attorney fees.
 
 
 32
 We also decline to interpret the district court's observation that "when Congress reenacted the EAJA in 1985, it did not increase the $75.00 per hour limit on fees--despite inflation since 1981" as an indication that the district court believed that it could not, or should not, consider cost of living increases in awarding attorney fees. Rather, we conclude, as Headlee acknowledges, that the court's comment reflected its implicit reliance on Chipman v. Secretary, supra. In Chipman, the court similarly noted that "Congress, in reenacting [EAJA] ... did not raise the $75.00 maximum hourly rate despite the rise of the cost of living since its original enactment." 781 F.2d at 547.
 
 
 33
 When viewed in the overall context of the order, we are convinced that the district court's observation was simply that--an observation. To hold otherwise would not only unfairly read into the district court's order but it would foster continued and unnecessary litigation relative to attorney fees. As the Court opined in Pierce v. Underwood:
 
 
 34
 In sum ..., we are satisfied that the text of the statute permits, and sound judicial administration counsels, deferential review of a district court's decision regarding attorney's fees under the EAJA. In addition to furthering the goals we have described, it will implement our view that a "request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 [103 S.Ct. 1933, 1941, 76 L.Ed.2d 40] (1983).
 
 
 35
 (At pp. ---- - ----, 108 S.Ct. at p. 2549).
 
 
 36
 We AFFIRM.
 
 McKAY, Circuit Judge, dissenting:
 
 37
 I respectfully dissent. I am persuaded that the trial court erroneously decided that he had no discretion to consider the cost-of-living increase for the period between 1982 and 1985. See Trichilo v. Secretary of HHS, 823 F.2d 702 (2d Cir.1987); Allen v. Bowen, 821 F.2d 963 (3d Cir.1987); Sierra Club v. Secretary of the Army, 820 F.2d 513 (1st Cir.1987); Hirschey v. FERC, 777 F.2d 1 (D.C.Cir.1985); contra Chipman v. Secretary of HHS, 781 F.2d 545 (6th Cir.1986). I would remand for the trial court to consider the inflation factor evidence before him for that period.