**Petition of John B. DUGGAN.**

**In re Joe D. WILSON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 86–2609–3J.**

United States District Court,
D. South Carolina,
Anderson Division.

Jan. 18, 1990.

John B. Duggan, Greer, S.C., for plaintiff.

J.D. McCoy, III, Asst. U.S. Atty., Greenville, S.C., for defendant.

### ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

The petitioner, John B. Duggan, filed a petition for approval of attorney's fees and court costs arising from his successful representation of the plaintiff, Joe D. Wilson, in the underlying action to restore social security disability benefits. The petitioner seeks such an award pursuant to the Equal Access to Justice Act (hereinafter "EAJA," 28 U.S.C. § 2412). *See Guthrie v. Schweiker,* 718 F.2d 104, 107–108 (4th Cir. 1983) (EAJA applies to social security cases).

The court entered an order dated November 30, 1989, awarding attorney's fees and costs. After motions by both petitioner and the Secretary, the court hereby vacates the order of November 30, 1989, and enters this one.

On April 4, 1989, the court issued its order finding that Mr. Wilson was disabled and entitled to social security disability benefits beginning October 9, 1984. Thereafter, plaintiff filed his application for attorneys fees under the EAJA. In his application plaintiff seeks a fee of $12,013.55 for 77 hours and 15 minutes of court and agency-related services. This is equivalent to a rate of $175.00 per hour.

Under the EAJA, the court may award a reasonable attorney's fee to the prevailing party in a civil action against a United States agency "unless the court finds that the position of the United States was substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d). *See Hyatt v. Heckler,* 807 F.2d 376 (4th Cir.1986); *Anderson v. Heckler,* 756 F.2d 1011, 1013 (4th Cir.1985). The statute further provides that "attorney's fees shall not be awarded in excess of $75.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

The Secretary does not dispute Mr. Duggan's entitlement to reasonable attorney's fees under the EAJA in this case. The Secretary concedes that his finding that Mr. Wilson was not disabled was not substantially justified. However, the Secretary does dispute plaintiff's entitlement to any fees based on allegations that the Secretary acted in "bad faith" in this litigation. The Secretary also challenges plaintiff's contention that an increase in the cost of living and special factors warrant payment of fees to plaintiff at the rate of $175.00 an hour.

After thoroughly reviewing the underlying action in this case, as well as plaintiff's petition for attorney's fees, this

court finds that there is no evidence which supports a finding of "bad faith" on the part of the Secretary in the underlying action. 28 U.S.C. § 2412. The court finds further that payment of attorney's fees at a rate of $125.00 an hour (adjusted for inflation) is reasonable under the EAJA in this case.

As to plaintiff's "bad faith" allegation, under 28 U.S.C. § 2412(b), if it were established that the Secretary acted in "bad faith" in the conduct of this litigation, then he would be liable as an agent of the United States to the same extent that any other party would be liable under common law. The common law allows an award of attorney's fees and costs to the prevailing party where the losing party has wilfully disobeyed a court order or has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id. See Alyeska v. Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257-60, 95 S.Ct. 1612, 1621-23, 44 L.Ed.2d 141 (1975); *Shimman v. International Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229 (6th Cir.1984), *cert. denied*, 469 U.S. 1215, 105 S.Ct. 1191, 84 L.Ed.2d 337 (1985).

The legislative intent of § 2412(b) is to permit a court, in its discretion, to award attorney fees in civil litigation involving the United States. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S. Code Cong. & Ad.News, 4953, 4988-4989. However, some evidence the government acted in bad faith is necessary for a finding of bad faith. Petitioner cites the court to nothing more than inferences.

■ The magistrate recommended the decision of the administrative law judge for the Secretary be reversed because it was not based on substantial evidence. The magistrate determined the administrative law judge applied an improper standard to evaluate the functional effect of the pain suffered by claimant. He also found the administrative law judge improperly weighed two medical reports and the evaluation of the combined effect of plaintiff's impairment. The basis of the magistrate's findings was that the Secretary's decision was not supported by substantial evidence.

Here, the Secretary concedes that his decision was not substantially justified, but there is no finding by the court or showing by the plaintiff that the Secretary's conduct was vexatious or oppressive. For these reasons this court concludes that the plaintiff is not entitled to an award of fees based on bad faith under 28 U.S.C. § 2412.

Although the Secretary agrees the petitioner is entitled to reasonably attorney's fees and costs, he argues $175.00 per hour is unreasonable under the facts in this case.

In the vacated order of November 30, 1989, the court overlooked *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) and applied the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). In *Pierce*, the Court found that "market rates" for attorneys would be determined, *inter alia*, by the availability of qualified counsel, the novelty and difficulty of the issues, and undesirability of the case. "We do not think Congress meant that if the rates for all lawyers in the relevant city ... come to exceed $75 per hour (adjusted for inflation), then that market-minimum rate will govern instead of the statutory cap." *Id.* 487 U.S. at 572, 108 S.Ct. at 2554, 101 L.Ed.2d at 509.

The Court also found it an abuse of discretion for the District Court to rely on "customary fees and awards in other cases," as a reason for increasing the statutory cap. *Id.* The Court also discounted the contingency fee nature of the case as a reason for exceeding the cap. *Id.* 487 U.S. at 572–74, 108 S.Ct. at 2554–57, 101 L.Ed.2d at 509–10. The only other special factor petitioner asks this court to consider is his self-proclaimed expertise. While his expertise may be impressive, the court does not find it merits an enhancement of the statutory cap.

It is evident the factors listed by the Fourth Circuit Court of Appeals in *Barber* no longer apply.

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly

perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorney's fees awards in similar cases.

*Barber*, 577 F.2d at 226 n. 28.

The court takes notice that the prevailing hourly fees in plaintiff's community for such legal work ranges generally from $75.00 to $150.00 per hour. The court is well aware of *Wells v. Secretary of Health and Human Services*, C/A: 7:86–1459–15K (Judge Clyde H. Hamilton) and the order awarding attorney's fees entered December 4, 1987. The court still finds that the hourly fees in plaintiff's community for legal work is as listed. This court has awarded more than $100 per hour in other Social Security fee petitions. *See Fulmer v. Bowen*, C/A No.: 0:87–1671–3 (D.C.S.C. 1989) (petitioner awarded $125 per hour under 42 U.S.C. § 406(b)(1)).

■ Both petitioner and the Secretary agree that the statutory cap should be adjusted for inflation. *See Marquez v. Bowen*, 682 F.Supp. 48, 49 (S.D.Fla.1987) and cases cited therein. The fee awardable under 28 U.S.C. § 2412(d)(2)(A) is $75 per hour. Taking into account the inflation between October 1, 1981 through May 1989, the statutory cap would become $134.36 per hour (using U.S. Dept. of Labor Bureau of Labor Statistics Consumer Price Index for all urban consumers).[1] The court is not mandated to award the statutory cap. After thoroughly reviewing the record and the petition in the instant action and reconsidering them in light of *Pierce*, the court finds that $125.00 per hour is still a reasonable fee in this case.

Accordingly, the court finds that the petitioner is entitled to a fee of $9,643.75 for his 77.15 hours before this court and in proceedings before the Social Security Administration.[2]

IT IS THEREFORE ORDERED that the defendant pay the petitioner Nine Thousand Six Hundred Forty-three and 75/100 ($9,643.75) Dollars for attorney's fees pursuant to 28 U.S.C. § 2412(d). In addition, the court orders the defendant to pay petitioner Three Hundred Fifty-six and 23/100 ($356.23) Dollars for costs pursuant to 28 U.S.C. § 2412(a). This is a total award of Nine Thousand Nine Hundred Ninety-nine and 98/100 ($9,999.98) Dollars payable by the defendant to the petitioner.

IT IS SO ORDERED.

---

**1.** October 1981 CPI = 82.0. May 1989 CPI = 146.9. The percentage change is (146.9 − 82.0)/82.0 = 79.15% Applying this to the statutory cap gives the following (X − 75)/75 = .7915. Solving the equation gives X = 134.36.

**2.** Under *Sullivan v. Hudson*, —— U.S. ——, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the EAJA permits a district court to award attorney fees to a social security claimant for representation provided during administrative proceedings.