**Richard BURGESS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. 89–478–C.

United States District Court, E.D. Oklahoma.

June 20, 1991.

---

Davis Duty, Ft. Smith, Ark., for plaintiff.

Sheldon J. Sperling, Asst. U.S. Atty., Muskogee, Okl., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) AND 28 U.S.C. § 2412(d)

SEAY, Chief Judge.

In this action to recover Social Security benefits, plaintiff, through his counsel, has moved the court for attorney fee awards pursuant to the provisions of the Social Security Act, 42 U.S.C. § 406(b), and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary has filed his responses to plaintiff's motions and does not dispute plaintiff's entitlement to an award under both statutes. The Secretary objects only to the hourly rate requested under the EAJA.[1]

In this regard, plaintiff asks the court to be compensated at an hourly rate of $125.00. Under the EAJA, the statutory maximum for attorney fees is $75.00 per hour. Plaintiff claims an entitlement to the higher rate based on the increased cost of living since the enactment of the EAJA in 1981 as evidenced by the Consumer Price Index published by the United States Department of Labor. Further, plaintiff cites as additional grounds for the $125.00 per hour rate his counsel's experience in Social Security litigation and the fact that he is the only attorney in Fort Smith, Arkansas, handling Social Security litigation.[2] The Secretary argues that plaintiff has failed to justify the higher rate and claims plaintiff should be awarded a fee based on the statutory maximum of $75.00 per hour. The court agrees with the Secretary.

Section 2412(d)(2)(A) provides that:

... attorney's fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

In *Headlee v. Bowen*, 869 F.2d 548 (10th Cir.1989), *cert. denied*, 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989), the Tenth Circuit Court of Appeals held that the mere introduction of evidence of an increase in the cost of living would not require a district court to award fees under the EAJA based on the increased cost of living data in light of the discretion routinely given to the district court in awarding such fees. *Id.* at 551–52. An important consideration in exercising such discretion is the court's recognition that in setting the $75.00 per hour rate under the EAJA, Congress was of the opinion that such a rate "was generally quite enough public reimbursement for lawyer's fees, whatever the local or nation-

---

1. While the Secretary does not contest the reasonableness of the $2,334.50 fee request under section 406(b), he does inform the court that the Social Security Administration is in the process of calculating the past-due benefits award and that the fee request may surpass the twenty-five percent (25%) limitation imposed by section 406(b)(1). Given that the record is silent as to the past-due benefits amount, the court will grant plaintiff's requested fee of $2,334.50 upon the condition that such award not exceed twenty-five percent (25%) of the final calculation of past-due benefits.

2. Actually, plaintiff's counsel states "he is the only attorney in Fort Smith, Arkansas, and its environs whose practice is thus *limited*" to Social Security cases. (emphasis added). The court does not interpret this statement to mean that there are no other attorneys in that area who handle Social Security cases. It is more likely true that attorneys in the area handle Social Security cases along with a variety of other litigation. On its face, the statement means only that plaintiff's counsel is the lone attorney in that area who *limits* his practice to Social Security cases.

al market might be." *Pierce v. Under-wood*, 487 U.S. 552, 572, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988). Moreover, and as noted by the court in *Headlee*, it is of some relevance that Congress, despite the cost of living increase since the original 1981 enactment of the EAJA, did not raise the $75.00 rate when it reenacted the EAJA in 1985. *Headlee*, 869 F.2d at 551-52; *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir. 1986).

With these standards in mind, the court concludes that plaintiff has failed to satisfy his burden of establishing an exception to the $75.00 ceiling imposed by section 2412(d)(2)(A). Plaintiff's reliance on cost of living data is insufficient to persuade the court that the $75.00 rate is other than reasonable under the EAJA. *Headlee*, 869 F.2d at 550-52. Likewise, the court finds without merit plaintiff's attempt to justify an increased rate based on unsupported and generalized allegations of his counsel's skill and experience and the limited availability of attorneys. *Pierce*, 487 U.S. at 572-73, 108 S.Ct. at 2554.

■ Based on the foregoing analysis, the court orders an award of attorney fees under section 406(b) of the Social Security Act in the amount of $2,334.50 (20.30 hours at $115.00 per hour—subject to compliance with the twenty-five percent (25%) limitation imposed by section 406(b)(1)), and an award under section 2412(d) of the EAJA in the amount of $2,490.00 (33.20 hours at $75.00 per hour). In light of the court's awards under both statutory provisions, plaintiff's counsel is directed to refund the amount of $2,334.50 (or any smaller amount after calculation of the past-due benefits and the application of the twenty-five percent (25%) limitation under section 406(b)(1)) to plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

IT IS SO ORDERED.