Babe Doris **CALDWELL**, Plaintiff,

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 88–1256–T.**

United States District Court, D. Kansas.

Aug. 15, 1991.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on plaintiff's application for attorney fees under the Equal Access to Justice Act (Doc. 21). Plaintiff requests fees for a total of 30.65 hours at the hourly rate of $150 pursuant to 28 U.S.C. § 2412(b), or in the alternative at the hourly rate of $98.52 pursuant to 28 U.S.C. § 2412(d). The Secretary opposes the request for attorney fees.

Plaintiff first seeks an award of attorney fees pursuant to 28 U.S.C. § 2412(b). That subsection provides:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b).

Under the American Rule, the prevailing litigant is ordinarily not entitled to collect an attorney's fee from the loser. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Although the American Rule ordinarily precludes the allowance of attorney's fees in the absence of statutory or contractual authorization, the court may award attorney's fees when the interests of justice so require. *Hall v. Cole*, 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–46, 36 L.Ed.2d 702 (1973). Several exceptions to the American Rule have been recognized. The court may award attorney's fees to a successful party when his opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 6, 93 S.Ct. at 1947 (citations omitted). Other exceptions have been recognized but are not relevant here. The exception which would allow the court to award attorney fees in the present case hinges upon a finding of bad faith on the part of the Secretary. Upon reviewing the record, the court cannot find that the Secretary acted in bad faith in this action.

In the alternative, the plaintiff requests attorney fees pursuant to 28 U.S.C. § 2412(d). Under that provision of the Equal Access to Justice Act,

a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "position of the United States" is defined as:

in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings.

*Id.* § 2412(d)(2)(D).

The determination of whether the government's position was substantially justified lies within the trial court's discretion. *See Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The term "substantially justified" means " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. at 2550. A position is substantially justified, even though incorrect, "if a reasonable person would think it correct, that is, if it has a reasonable basis in law and fact." *Id.* 566 n. 2, 108 S.Ct. at 2550 n. 2.

In its opinion and order (Doc. 20), the court granted the plaintiff's motion for summary judgment, finding plaintiff to be disabled and remanding for an award of benefits. A review of the record reveals that the government's position was not substantially justified.

The ALJ demonstrated what the court termed "a shocking distrust of the plaintiff and her motivations." The ALJ demonstrated what appeared to be prejudice against plaintiff because of her poor financial condition. The ALJ had concluded that since plaintiff's income (from Aid to Families with Dependent Children and food stamps) exceeded her take-home pay in most years, she had little to gain from returning to work. The court described

the ALJ's attitude as being "not only distasteful, but ... legally insupportable." An award of attorney fees is justified in the present circumstances.

The amount of the attorney's fee to be awarded is a decision which lies within the trial court's discretion. *Pierce v. Underwood,* 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988). Plaintiff seeks an inflation adjusted rate of $98.52 per hour. A cost of living increase beyond the statutory maximum of $75 per hour is not mandated; rather it is discretionary. *Headlee v. Bowen,* 869 F.2d 548, 551–52 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989). The court believes that the inflation adjusted rate is appropriate in the present case. The Secretary has not objected to the number of hours claimed by plaintiff's counsel. The court has examined the hours claimed and finds them to be reasonable. Adding the 1.25 hours spent reading the Secretary's response brief and drafting the reply brief, plaintiff's counsel has expended 30.65 hours. At the rate of $98.52 per hour, counsel is entitled to a total award of $3,019.64.

Since the plaintiff has not sought court approval of an attorney fee to be awarded out of past due benefits, *see* 42 U.S.C. § 406(b), the court has no occasion to instruct counsel to refund the lesser of the two fee awards to the plaintiff. Counsel may retain the entire amount of the EAJA award as his compensation for representation of plaintiff in federal court.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's application for attorney fees under the Equal Access to Justice Act (Doc. 21) is hereby granted. An award of $3,019.64 is hereby made to plaintiff's counsel.