Jose GOMEZ, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 89–K–1925.

United States District Court, D. Colorado.

Nov. 19, 1991.

Daniel M. Taubman, Colorado Coalition of Legal Services Program, Denver, Colo., for plaintiff.

Paula Ray, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER ON APPLICATION FOR ATTORNEY FEES

KANE, Senior District Judge.

Plaintiff has requested attorney fees in the amount of $4,849.40, plus such amounts as are incurred in the preparation and prosecution of this application, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), for fees incurred in bringing this action against the Secretary. The Secretary contends that fees should not be awarded as the position of the United States was substantially justified and the EAJA precludes an award in such circumstances.

Specifically, the Secretary contends that his position that the regulations did not require the Appeals Council to listen to the tape of the administrative hearing or to review a transcript of the tape was substantially justified. Further, he asserts that he was being reasonable in endorsing the "streamlining" procedures adopted by the Appeals Council, although this court found they were flawed because the Appeals Council erred procedurally in not reviewing the extent and content of the hearing testimony before deciding that the administrative law judge's decision was based on substantial evidence.

The Secretary argues that administrative agencies are granted a degree of autonomy in their determination of procedures and that ordinarily a court will defer to an agency's choice concerning its procedures. *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council*, 435 U.S. 519, 544, 98 S.Ct. 1197, 1212, 55 L.Ed.2d 460 (1978); *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). Thus he concludes the Appeals Council's decision not to audit hearings except in certain circumstances was reasonable.

Further, he argues that the claimant's ailments, epilepsy, frequent seizures, and chronic alcoholism, were such that he was warranted in refusing disability allowance.

Finally, he argues, that if the court determines that an award of EAJA fees is appropriate, the court may in its discretion award less than a cost of living increase warrants.

▬ I find these contentions fail. In order for the government to avoid the assessment of attorney fees, it has to prove that its position was substantially justified. In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988), this was held to mean "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." The government's case had to have some substance and a fair possibility of success. The court also endorsed the "reasonable basis in law and fact" test of the Ninth Circuit. *Id.* This test encompasses both the position of the government at the litigation of the civil action and the position of the agency which prompted the court action. *Wyoming Wildlife Fed'n v. United States*, 792 F.2d 981, 985 (10th Cir.1986).

I found that the record belied nearly every finding made by the ALJ in concluding that Gomez's seizure disorder did not "meet or equal" a listed impairment. *See Gomez v. Sullivan*, 761 F.Supp. 746, 751 (D.Colo.1991). I found that the ALJ was unfairly selective in his use of the medical records as to the claimant's seizures, *id.*, that the ALJ misrepresented the content of two exhibits concerning whether Gomez's seizures were controlled by medication, *id.*, and that he ignored the persuasive evidence of the medical report of Dr. Steinberg, *id.* at 752.

The ALJ ignored pervasive evidence that Gomez had a longstanding and unchecked history of alcohol abuse continuing up to the time of his hearing before the ALJ. Instead, he focused on Gomez testimony that he had controlled his alcohol abuse, despite of course rejecting Gomez's testimony as to his seizure condition. *Id.* Moreover, as I indicated, alcoholism is a disease characterized by denial, and the documentary evidence clearly shows that, contrary to the view of the ALJ, Gomez's disease was far from under control and indeed having an adverse effect on his seizures. *Id.* Finally, the ALJ misrepresented the frequency of the claimant's seizures and was highly selective in his analysis of physician reports. *Id.* at 752–53. In short, the Secretary's position was not substantially justified in fact.

I therefore found in law that Gomez's impairment "met or equalled" the listing for epilepsy contained in the Social Security regulations. *Id.* at 753. Crucially, I also found that the Appeals Council erred in failing to review the record before declining further review. I found an implicit requirement that the Appeals Council review the record before declining further review. Therefore, the defendant's contention that there was a reasonable basis for the Appeals Council's procedures is fanciful, despite deference towards agency procedures. There is no judicial deference towards patently unjust rules and procedures.

Moreover, this court will not deny attorney fees just because a litigant fails to succeed on every contention, *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1982); *Davis v. County of Los Angeles*, 8 Empl.Prac.Dec. (CCH) ¶ 9444, at 5049, 1974 WL 180 (C.D.Cal.1974); nor will a litigant be denied if he fails on alternative legal grounds in a manner insufficient to effect the result, *Hensley v. Eckerhart*, 424 U.S. at 435, 103 S.Ct. at 1940. In *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319–20, 110 L.Ed.2d 134 (1990), the Supreme Court held that if the government's position is found not to be substantially justified, there is no need for any additional inquiry as to whether it was justified in opposing a later fee petition. Such an analysis is applicable to any other phase of the case:

> The most telling answer to the Government's submission that it may assert a "substantial justification" defense at multiple stages of an action is the complete absence of any textual support for this position. Subsection (d)(1)(A) refers to an award of fees "in any civil action" without any reference to separate parts of the litigation, such as discovery requests, fees or appeals. The reference to "the position of the United States" in the singular also suggests that the court need only make one finding about the justification of that position.

*Id.* 110 S.Ct. at 2319.

The judgment of the court is holistic and unitary, it only makes one finding that the Secretary's position was not substantially justified. Thus, the defendant's contention that his position on the obligation of the Appeals Council to review the transcript of the ALJ hearing was justified, which was partially upheld by this court, is not of great consequence in determining whether attorney fees are to be awarded.

A final issue concerns the discretion of this court to reduce fees. *Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir.), *cert. denied*, 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989); *Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir.1988). "We do not think that if the rates for all lawyers in the relevant city or even in the entire country

come to exceed $75 per hour (adjusted for inflation), then the market-minimum rate will govern instead of the statutory cap." *Pierce v. Underwood,* 487 U.S. at 572, 108 S.Ct. at 2553.

Although it appears that an increase is not mandated, ordinarily it is a matter of course. *Trichilo v. Secretary of Health & Human Servs.,* 823 F.2d 702, 705–06 (2nd Cir.1987); *Allen v. Bowen,* 821 F.2d 963, 967 (3rd Cir.1987); *Sierra Club v. Secretary of Army,* 820 F.2d 513, 522 (1st Cir.1987). I see no reason, particularly due to the EAJA's specific authorization to this effect, *see* 28 U.S.C. § 2412(d)(2)(A)(ii), not to grant fees at the requested rate taking account of the cost of living increase since October 1981. Accordingly, the application for attorney fees is GRANTED and plaintiff is awarded pursuant to the Equal Access to Justice Act $4,849.40, plus such amounts that have been incurred in this application, provided that plaintiff file an itemized affidavit of the hours, rate and costs incurred in its application within ten days. The defendant will have five days thereafter to file any objections or counter-affidavits.