**Jerry STEPHENSON, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 92–1171–FGT.**

United States District Court,
D. Kansas.

Jan. 26, 1994.

**50**

Larry O. Denny, Kansas City, MO, for plaintiff.

Connie R. DeArmond, Office of U.S. Atty., Wichita, KS, for defendant.

### MEMORANDUM AND ORDER

THEIS, District Judge.

■ This matter is before the court on the plaintiff's application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Doc. 18. Plaintiff seeks attorney fees in the amount of $2,800.00 (22.40 hours at $125.00 per hour). The Secretary has filed an opposition to the application for attorney's fees.

The Secretary denied plaintiff's application for Title II and Title XVI benefits initially and on reconsideration. Plaintiff received an administrative hearing, after which an Administrative Law Judge (ALJ) found that plaintiff was not under a disability as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review. In the court's memorandum and order of August 30, 1993, this court reversed the decision of the Secretary and remanded for further proceedings. Doc. 16. Plaintiff timely filed his application for attorney's fees.

Under the Equal Access to Justice Act (EAJA),

> a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or

that special circumstances made an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "position of the United States" is defined as:

> in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings.

*Id.* § 2412(d)(2)(D).

■ The determination of whether the government's position was substantially justified lies within the trial court's discretion. *See Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The term "substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. at 2550. A position is substantially justified, even though incorrect, "if a reasonable person would think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2.

In its memorandum and order, the court found that the ALJ committed errors of law and that the ALJ's factual findings were not supported by substantial evidence. After a review of the administrative record and the arguments of the parties, the court finds that the Secretary's position was not substantially justified. Accordingly, the court shall grant plaintiff an award of attorney's fees under the EAJA.

In the present case, the determination that plaintiff was not disabled was made at step 5 of the five step sequential evaluation, the step at which the Secretary bears the burden of proof. *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir.1993). The ALJ concluded, based on the testimony of a vocational expert, that the plaintiff could perform a significant number of jobs in the national economy. The ALJ's decision stated that the vocational expert identified jobs which could be performed with the option of sitting and standing at will.

 

However, the ALJ's questions to the vocational expert failed to relate with precision all of the plaintiff's impairments, in violation of the rule of *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.1991). Specifically, the ALJ's hypothetical questions to the vocational expert failed to include the limitations on sitting (40 minutes at a time) and standing (20 minutes at a time) which the ALJ accepted as true. When the vocational expert was made aware of the sitting and standing limitations, the expert was unable to assess the impact those limitations would have on the jobs previously identified. The expert stated that he did not know how many jobs provided a sit/stand option. The ALJ found—contrary to the evidence presented—that the expert did identify jobs with a sit/stand option that the plaintiff could perform. The position of the Secretary on this matter lacked a reasonable basis in law and in fact.

█ For the above reasons, an award of attorney's fees is warranted in this case. The court must next consider the amount to be awarded. The amount of the attorney's fee to be awarded is a decision which lies within the trial court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988).

█ Plaintiff seeks an inflation adjusted rate of $125.00 per hour. A cost of living increase beyond the statutory maximum of $75 per hour is not mandated; rather, it is discretionary. *Headlee v. Bowen*, 869 F.2d 548, 551–52 (10th Cir.), *cert. denied*, 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989). The Secretary has objected to the rate requested by plaintiff and asserts that a full cost of living increase would raise the statutory rate to approximately $116.00 per hour. The court finds that an adjustment for inflation is appropriate in the present case; however, the court agrees with the Secretary that the rate requested by counsel is too high. This court has recently awarded EAJA fees in the amount of $112.33 per hour. *Ratliffe v. Shalala*, No. 92–1322–FGT (D.Kan. Jan. 11, 1994). That rate is appropriate for the present case as well.

The Secretary has objected to one entry in counsel's time records. The final entry states that 3.5 hours were expended on the preparation of the fee application. The memorandum in support of the application for attorney's fees states, however, that counsel expended 2 hours preparing the fee application and memorandum. This appears to be a typographical error. After changing the final entry to 2 hours, the number of hours claimed totals the 22.40 hours originally requested. The court has examined the hours claimed and finds them to be reasonable. At the rate of $112.33 per hour, counsel is entitled to a total award of $2,516.19.

**IT IS BY THE COURT THEREFORE ORDERED** that plaintiff's application for attorney fees under the Equal Access to Justice Act (Doc. 18) is hereby granted. Plaintiff's counsel is hereby awarded attorney's fees in the amount of $2,516.19.